**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO.: 1:15-cv-2049

AISLAND RHODES, on behalf of herself and others similarly situated,

    Plaintiff,

v.

NATIONAL COLLECTION SYSTEMS, INC.,

    Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

**Nature of the Action**

1.    This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**Jurisdiction and Venue**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court under 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**Parties**

4. Aisland Rhodes ("Plaintiff") is a natural person who resides in Jefferson County, Colorado.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

7. Defendant began efforts to collect Plaintiff's alleged debt after it was considered to be in default.

8. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal student loan (the "Debt").

9. National Collection Systems, Inc. ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10. Defendant operates by the trade name "National Credit Management."

11. Defendant touts that it **"**offer[s] services using contemporary, proven and effective procedures and techniques for educational debt collection," while it

"preserves the human dignity of the borrowers and the respected images of the universities and colleges which are represented throughout the nation."[1]

12.	Defendant "consulted with an industrial psychologist early on and realized that borrowers do not like to be called by 'bill collectors.' It was through this collaboration that NCM developed a kinder, more interactive approach."[2]

13.	Defendant can be served through its registered agent, Machol & Johannes, LLC, 700 Seventeenth Street, Suite 200, Denver, Colorado 80202.

14.	Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.	Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual allegations

16.	Beginning in early 2015, and in connection with the collection of the Debt, Defendant, by and through its agents and/or employees, placed a host of telephone calls to Plaintiff's cellular telephone.

17.	Among other dates and times, Defendant called Plaintiff's cellular telephone on March 17, 2015, March 24, 2015, April 29, 2015 at 3:38 p.m., May 26, 2015 at 11:30 a.m., June 9, 2015 at 3:22 p.m., June 11, 2015 at 3:41 p.m.,

---

[1]	https://www.ncmstl.com/ncmcoll.html (last visited Sept. 14, 2015).

[2]	https://www.ncmstl.com/ncmcoll.html (last visited Sept. 14, 2015).

and June 18, 2015 at 5:49 p.m., July 6, 2015 at 8:07 a.m., July 16, 2015 at 2:47 p.m., July 29, 2015 at 3:42 p.m., and September 4, 2015 at 9:54 a.m.

18. As a result of its calls to Plaintiff's cellular telephone, Defendant left more than six voice messages for Plaintiff.

19. In none of Defendant's voice messages for Plaintiff did it state that the communications were from National Collection Systems or National Credit Management.

20. In none of Defendant's voice messages for Plaintiff did it state that the communications were from a debt collector.

21. In none of Defendant's voice messages for Plaintiff did it state that the purpose of its calls was to collect a debt.

22. In none of Defendant's voice messages for Plaintiff did it state that any information obtained would be used for the purpose of debt collection.

23. Instead, Defendant's voice messages addressed Plaintiff by her first name and cryptically referred to "a personal business matter" or "business matter" that it wished to discuss with Plaintiff.

24. Defendant further urged Plaintiff to "please return the call," "please call me as soon as you get this message," and "urge[d] [Plaintiff] to call me as soon as you get this message."

25. In one voice message, Defendant informed Plaintiff that "this is not a sales and marketing call.  This is a matter that pertains specifically to you and does indeed require your attention."

26. In another voice message, Defendant informed Plaintiff that she should "please call me as soon as you get this message, it is imperative."

27. The voice messages for Plaintiff mentioned "reference number 1798255."

28. Each voice message provided a return phone number of 1-800-333-3169.

29. Upon information and belief, telephone number 800-333-3169 is assigned to Defendant.

30. Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages for alleged consumer debtors, that fail to meaningfully disclose the caller's identity.

31. Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages for alleged consumer debtors, that fail to state the nature of its business.

32. Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages for alleged consumer debtors, that fail to disclose that it is a debt collector.

33. Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages for alleged consumer debtors, that fail to disclose that the purpose of the respective calls was to collect a debt.

34. Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages for alleged consumer debtors, that fail to disclose that any information it obtains would be used for the purpose of collecting a debt.

## Class action allegations

35. Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class consisting of:

> All persons (1) located in Colorado, (2) for whom National Collection Systems, Inc. left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) within the year preceding this complaint, (5) that failed to state National Collection Systems, Inc.'s name, or failed disclose that it is a debt collector, or failed to disclose that the purpose of its calls was to collect a debt.

Excluded from the class are Defendant, its officers and directors, the members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. Upon information and belief, the proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that the names and addresses of all members of the class can be identified in business records maintained by Defendant.

37. Plaintiff's claims are typical of the claims of the members of the class because their claims all originate from the same conduct, practice and procedure

on the part of Defendant—namely its practice of failing to disclose its name, that it is a debt collector, or that the purpose of its calls is to collect a debt, in voice messages it leaves for consumers.  As a result, Plaintiff has suffered the same injuries as each member of the class. In addition, Plaintiff has retained counsel experienced and competent in class action litigation.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

39. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire class.  Among the common issues of law and fact are:

   a. Defendant's violations of the FDCPA as alleged herein;
   b. Whether Defendant, as a matter of pattern or practice, fails to disclose its true corporate name in voice messages left for Colorado consumers;

c. Whether Defendant, as a matter of pattern or practice, fails to disclose that it is a debt collector calling to collect a debt in voice messages left for Colorado consumers;

d. the availability of statutory penalties; and

e. the availability of attorneys' fees and costs.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

40. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 - 39 above.

41. 15 U.S.C. §1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

42. Defendant's voice messages failed to notify Plaintiff that the communications were from a debt collector, that Defendant was calling to collect a debt, or that any information obtained would be used for that purpose.

43. As such, Defendant violated 15 U.S.C. § 1692d(6) by not providing meaningful disclosure of its identity.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

44.     Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 - 39 above.

45.     15 U.S.C. §1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*          \*          \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

46.     Defendant's voice messages failed to notify Plaintiff that the communications were from a debt collector, that Defendant was calling to collect a debt, or that any information obtained would be used for that purpose.

47.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

a)      Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b) Adjudging and declaring that Defendant violated 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11);

c) Awarding Plaintiff, and members of the class, statutory damages pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff, and members of the class, their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

e) Awarding Plaintiff and the class any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 17, 2015        Respectfully submitted,

/s/Michael L. Greenwald
Michael L. Greenwald
James L. Davidson
**GREENWALD DAVIDSON RADBIL PLLC**
5550 Glades Road, Suite 500
Boca Raton, FL  33431
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
Email: mgreenwald@gdrlawfirm.com
           jdavidson@gdrlawfirm.com

10