**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 15-cv-02049-REB-KMT

AISLAND RHODES, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

NATIONAL COLLECTION SYSTEMS, INC.,

    Defendant.

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

After over two years of hard-fought litigation, the parties have reached an agreement to resolve this matter for the benefit of the class of Colorado consumers certified by this Court. To that end, National Collection Systems, Inc. ("Defendant") will create a non-reversionary settlement fund in the amount of $8,000, from which each participating class member (of which there are a maximum of 133) will receive at least $60. This settlement amounts to approximately one percent of Defendant's net worth, as calculated on an assets-minus-liabilities basis.

Defendant also will pay—separate from the monies paid to class members, and subject to Court approval—a total of $1,500 to Aisland Rhodes, which amounts to full statutory damages of $1,000, plus a modest incentive award of $500 for her service and dedication to the class. Additionally, subject to Court approval, Defendant will separately pay attorneys' fees and expenses to class counsel,[1] along with the costs of administrating

---

[1] As of this filing, the parties have not reached an agreement on the amount of

1

the settlement and providing direct mail notice to each class member. Noteworthy, while avoiding the potential pitfalls attendant to further litigation and appeals, the recovery here approximates the full statutory damages allowed by the Fair Debt Collection Practices Act ("FDCPA"), which are capped by statute at one percent of Defendant's net worth. *See* 15 U.S.C. § 1682k(A)(2)(B) ("not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector").

Ms. Rhodes respectfully seeks preliminary approval of the parties' settlement.[2] She and her counsel strongly believe that this settlement is fair, reasonable, and adequate, and in the best interests of class members. This Court should accordingly enter the accompanying order granting preliminary approval of the settlement. Defendant does not oppose this relief.

## Summary of the Settlement

### A. Ms. Rhodes's litigation efforts result in an excellent recovery for Colorado consumers.

The parties vigorously litigated this matter through summary judgment and class certification, resulting in summary judgment in Ms. Rhodes's favor on liability and certification of a state-wide class of Colorado consumers affected by Defendant's conduct. [#55, #59]. The issues in this case involved, *inter alia*, whether Defendant's voice messages violated the FDCPA, the propriety of class certification, and the measure of

---

attorneys' fees and expenses. The parties have agreed, however, that class counsel will seek no more than $65,000 in fees and expenses and that Defendant will not oppose an award of $35,000. Ms. Rhodes will file a motion for an award of attorneys' fees and expenses in conjunction with her motion for final approval of the settlement, to which Defendant and class members may respond.

[2] The settlement agreement and its exhibits ("Agreement") are attached to the Declaration of Michael L. Greenwald in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, attached as Exhibit A.

2

damages available to class members. Accordingly, class counsel conducted extensive fact discovery, which included propounding written interrogatories and requests for production, reviewing documents produced by Defendant, conducting depositions, and follow-up discovery regarding damages. Class counsel also spent significant time and effort securing certification of the class and Ms. Rhodes's appointment as class representative, defeating Defendant's motion to reconsider this Court's class certification order, and obtaining summary judgment in favor of Ms. Rhodes. [#55, #58, #59].

As the parties prepared for a February 2018 jury trial on damages, they participated in protracted arm's-length negotiations to reach a settlement. Ultimately, on January 29, 2018, the parties executed the Agreement.

**B. The settlement provides for a non-reversionary settlement fund of $8,000.00, which will allow for recoveries of at least $60 for each participating class member.**

The settlement requires Defendant to create a settlement fund of $8,000.00, which approximately equals one percent of Defendant's net worth. Class members who demonstrated membership in the class (there are a maximum of 133 participating class members) will receive a pro-rata distribution of the settlement fund, allowing a minimum of approximately $60.15 per class member—assuming no class members exclude themselves from the settlement. To the extent any settlement checks go uncashed after the class administrator takes all reasonable steps to forward checks to any forwarding addresses, such funds will be redistributed to those class members who cashed their initial checks if the amount equals at least $10 per class member or, if necessary, to a *cy pres* recipient—Colorado Legal Services. Separately, Defendant will pay $1,000 in statutory damages to Ms. Rhodes—the maximum allowed under the FDCPA.

Subject to Court approval, and so as not to dilute claimants' recoveries from the settlement fund, Defendant separately will pay the costs of notice and administration, an award of attorneys' fees and expenses in an amount not to exceed $65,000, and an incentive award of $500 to Ms. Rhodes.

### C. The settlement provides for direct mail notice to all participating class members.

In accordance with this Court's Order Approving Joint Motion for Approval of Class Notice, the parties previously provided notice to all potential class members, based on Defendant's records. [#68]. Notice was also provided on a dedicated website, www.RhodesFDCPAaction.com. In response to the class notice, 133 class members submitted valid claims.

While the parties previously provided a claim form and detailed notice to all potential class members outlining the claims and defenses in this case [#67-1, #67-2], the Agreement requires a second notice to all participating class members informing them of the settlement and their rights to exclude themselves or object to it. A copy of the proposed supplemental notice is attached to the Agreement as Exhibit B. The class administrator will take all reasonable steps necessary to ensure that each participating class member receives direct mail notice, including updating addresses for any mail returned as undeliverable. In addition, the settlement website will be updated to include the Agreement and supplemental notice. Of note, participating class members will not need to take any additional action to receive a settlement check.

## The Settlement Class

This Court previously certified this matter as a class action on behalf of the following class:

4

> All persons with an address in Colorado (1) for whom National Collection Systems, Inc. left, or caused to be left, a voice message, (2) in connection with collection of a consumer debt, (3) from September 17, 2014 to September 17, 2015, (4) that failed to state (a) National Collection Systems, Inc.'s name, or (b) that National Collection Systems, Inc. is a debt collector.

*Rhodes v. Nat'l Collection Sys., Inc.*, 317 F.R.D. 579, 582 (D. Colo. 2016) (Blackburn, J.).

The Agreement fully and finally resolves class members' FDCPA claims against Defendant.

## Argument

### A. This Court should preliminarily approve the settlement as fair, reasonable, and adequate under Rule 23(e).

Rule 23(e) requires that this Court make a preliminary determination of fairness:

> Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by the parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. . . . The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004); *see also* 4 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 11.25 (4th ed. 2002). After the preliminary fairness evaluation has been made and notice has been issued, the Court holds a final fairness hearing to show that the proposed settlement is truly fair, reasonable, and adequate. *See* MANUAL FOR COMPLEX LITIGATION § 21.633-34; 4 NEWBERG, *supra* at § 11.25.

Of note, a preliminary fairness determination requires only that a district court evaluate whether the class action settlement was negotiated at arm's-length, and whether

5

it is within the range of possible litigation outcomes such that "probable cause" exists to disseminate notice and begin the formal fairness process. *See* MANUAL FOR COMPLEX LITIGATION, § 21.632; *see also Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006) ("The purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a fairness hearing.").

Courts in this Circuit assessing whether a settlement is fair, reasonable, and adequate "should consider: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

### 1. The class action settlement was fairly and honestly negotiated.

Here, the parties resolved this matter only after participating in protracted arm's-length negotiations after extensive litigation. Class counsel and counsel for Defendant each zealously negotiated on behalf of their clients. The settlement was reached in good faith and is not the product of any collusion. To be sure, this litigation has been pending for more than two years, and the settlement was achieved after considerable time and expense and extensive fact discovery and motion practice. The parties were thus able to assess the relative strengths and weaknesses of their respective positions, and to compare the benefits of the proposed settlement to trial. Counsel, who have substantial experience in litigating class actions, and this Court are therefore adequately informed to

evaluate the fairness of the proposed settlement. *See Rhodes v. Olson Assocs., P.C.*, 308 F.R.D. 664, 667 (D. Colo. 2015) (Arguello, J.) (preliminarily approving FDCPA class action settlement).

### 2. Some questions of law and fact exist, placing the ultimate outcome of this matter in doubt.

Every class action—indeed, every case—involves some level of uncertainty on the merits. Settlements resolve that inherent uncertainty, and are therefore strongly favored by the courts, particularly in class actions. This action is not unique in this regard.

While Ms. Rhodes secured summary judgment as to liability here, there remains uncertainty as to the class's damages, Defendant's prospects for appeal, and, consequently, the ultimate outcome of this litigation. Moreover, 15 U.S.C. § 1692k(a)(2)(B) provides limitations on recoverable damages as follows:

> [I]n the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector[.]

Here, based on the evidence obtained from Defendant, the FDCPA's limitation on statutory damages of the lesser of $500,000.00 or one percent of Defendant's net worth would have resulted in a maximum recovery tantamount to the $8,000.00 settlement fund achieved.

However, a recovery at trial of the maximum statutory award was by no means certain. That is, despite a victory in the class's favor, a jury may still have awarded class members little in the way of statutory damages, or even no damages at all. *See Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("Because damages are not mandatory, continued litigation presents a risk to Plaintiffs of

expending time and money on this case with the possibility of no recovery at all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable.").

Given these considerations, preliminary approval of the settlement is appropriate to avoid the uncertainties of continued litigation and trial. *See Rhodes*, 308 F.R.D. at 667 ("Although the Court has granted summary judgment as to Defendant's liability, the prospect of a trial necessarily involves a risk that the named Plaintiff and class members would obtain a lesser recovery in damages."); *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013) ("Settlement provides a certain and immediate benefit to the class members and outweighs the risk and cost of a trial on the merits. The prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery.").

### 3. The value of the settlement outweighs the mere possibility of future relief after protracted and expensive litigation.

"In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." NEWBERG ON CLASS ACTIONS, § 11:50. This is, in part, because "the law should favor the settlement of controversies, and should not discourage settlement by subjecting a person who has compromised a claim to the hazard of having the settlement proved in a subsequent trial. . . ." *Grady v. de Ville Motor Hotel, Inc.*, 415 F.2d 449, 451 (10th Cir. 1969). And this is particularly true in the context of a class action. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) ("We are mindful of the strong judicial policy in favor of settlements, particularly in the class action context."); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) ("Particularly in class action suits, there is an

overriding public interest in favor of settlement."); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits . . . .").

Here, the Agreement requires that Defendant establish an all-cash settlement fund in the amount of $8,000.00 for the benefit of the class, with each participating class member receiving at least $60. Further, separate and apart from the settlement fund, Defendant also will pay: (1) statutory damages of $1,000 to Ms. Rhodes; (2) the costs and expenses of administrating the settlement; (3) an award of attorneys' fees, costs, and expenses to class counsel, subject to this Court's approval; and (4) a modest incentive award of $500 to Ms. Rhodes, subject to this Court's approval.

Significantly, given the damages cap applicable to FDCPA class cases, this class action settlement—whereby participating class members will receive at least $60 each—falls well within the range of class action settlements in similar FDCPA matters around the country. *See, e.g.*, *Cobb v. Edward F. Bukaty, III, PLC*, No. 15-335, 2016 WL 4925165, at *4 (M.D. La. Sept. 14, 2016) (participating class members received $52.28 each); *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. 15-2460, 2016 WL 4766079, at *3 (E.D. Pa. Sept. 13, 2016) ($10.92 each); *Kausch v. Berman & Rabin, P.A.*, No. 15-537, ECF No. 33 at 3 (E.D. Mo. July 8, 2016) ($39.06 each); *Schell v. Frederick J. Hanna & Assocs., P.C.*, No. 15-418, 2016 WL 3654472, at *2 (S.D. Ohio July 8, 2016) ($10 each); *Kemper v. Andreu, Palma & Andreu, PL*, No. 15-21226, 2016 WL 3545935, at *2 (S.D. Fla. June 22, 2016) ($10 each); *Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-2361, ECF No. 44 at 4 (D.N.J. June 2, 2016) ($12.62 each);

*Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 (E.D.N.Y. 2006) (approximately $7.32 each); *Cope v. Duggans*, 203 F. Supp. 2d 650, 653 (E.D. La. 2002) ($11.90 each).

In any event, "[i]t has been held proper 'to take the bird in the hand instead of a prospective flock in the bush.'" *Oppenlander v. Standard Oil Co. (Ind.)*, 64 F.R.D. 597, 624 (D. Colo. 1974). So, given the uncertainty inherent in any jury trial, and considering the amount of potentially recoverable money at stake for the class, the value of this class action settlement outweighs the possibility of future relief after protracted and expensive litigation. *See Rhodes*, 308 F.R.D. at 667 ("For these same reasons, it also seems very likely that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; a trial, post-trial motions, and an appeal could reduce the net value of any recovery.").

### 4. The parties believe that the settlement is fair and reasonable, further underscoring that preliminary approval is appropriate.

A court should afford weight to the recommendation of counsel who are most closely acquainted with the facts of the respective litigation. *See id.* at 697 (noting that "Class Counsel are experienced in consumer class actions, and weight is given to their favorable judgment as to the merits, fairness, and reasonableness of the settlement."); *see also Marcus v. Kan. Dep't of Revenue,* 209 F. Supp. 2d 1179, 1183 (D. Kan. 2002) ("Counsels' judgment as to the fairness of the agreement is entitled to considerable weight.").

Here, class counsel—who have significant experience litigating consumer protection class actions like this one—avers that the settlement was the product of investigation, litigation, and arm's-length negotiation, and is fair, reasonable, and adequate. *See* Ex. A.

As both Ms. Rhodes and her counsel firmly believe that the settlement is fair, reasonable, and adequate, and in the best interests of the class, their judgment further supports preliminary approval of the settlement. *See Griffin*, 2013 WL 6511860, at *3 ("Class Counsel's judgment that settlement is in the best interests of the class is entitled to significant weight, and supports the fairness of the class settlement.").

### 5. This Court should approve the proposed notice plan.

Under Rule 23(e), this Court must "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed. R. Civ. P. 23(e)(1). Notice of a proposed settlement to class members must be the "best notice practicable." *See* Fed. R. Civ. P. 23(c)(2)(B). "[B]est notice practicable" means "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

Here, the parties have agreed to a notice program to be administered by First Class, Inc.—the same third-party class administrator that handled the initial class notice. First Class will use all reasonable efforts to provide direct mail notice to each class member who previously submitted a valid claim form. Participating class members will not need to take any additional action to receive a settlement check.

This notice plan complies with Rule 23 and due process because, among other things, it informs class members of: (1) the nature of the action; (2) the essential terms of the settlement, including the definition of the class; (3) the binding effect of a judgment if the class member does not request exclusion; (4) the time for objecting or requesting exclusion; (5) information regarding Ms. Rhodes's request for an incentive award and reimbursement of her attorneys' fees and expenses; and (6) how to make inquiries. Fed.

R. Civ. P. 23(c)(2)(B); MANUAL FOR COMPLEX LITIGATION § 21.312. In addition, the notice directs class members to the dedicated settlement website—www.RhodesFDCPAaction.com—for additional information, including the Agreement. In short, this notice plan ensures that class members' due process rights are amply protected and should be approved. *See* Fed. R. Civ. P. 23(c)(2)(A).

### 6. This Court should schedule a final fairness hearing.

The last step in the settlement approval process is a final fairness hearing at which this Court may hear all evidence and argument necessary to make its final settlement evaluation. Fed. R. Civ. P. 23(e)(2). Proponents of the settlement may offer argument in support of final approval. In addition, class members who have properly objected to the settlement may be heard at this hearing. The Court will determine after the final fairness hearing whether the settlement should be approved, and whether to enter a judgment and order of dismissal under Rule 23(e). The parties respectfully request that this Court set a date for a hearing on final approval at the Court's convenience, between 90 and 120 days after the Court's preliminary approval of the settlement.

### Conclusion

Ms. Rhodes respectfully requests that this Court preliminarily approve the settlement and enter the proposed order submitted by the parties. As noted, Defendant does not oppose the requested relief.

Respectfully submitted this 29th day of January, 2018.

/s/ Michael L. Greenwald
Michael L. Greenwald
James L. Davidson
**GREENWALD DAVIDSON RADBIL PLLC**
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
Email: mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com

Class Counsel

**Certificate of Service**

I certify that on January 29, 2018, I electronically filed the foregoing document with the clerk of the U.S. District Court for the District of Colorado, using the electronic case filing system of the court, which will send notification of such filing to all counsel of record.

/s/ Michael L. Greenwald
Michael L. Greenwald