**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No: 15-cv-02049-REB-KMT

AISLAND RHODES, on behalf of herself and all others similarly situated,

     Plaintiff,

v.

NATIONAL COLLECTION SYSTEMS, INC.,

     Defendant.

---

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MOTION FOR AWARD OF ATTORNEY FEES**

---

**Blackburn, J.**

The matters before me are (1) **Plaintiff's Motion for Final Approval of Class
Action Settlement** [#80],[1] filed April 5, 2018; and (2) **Plaintiff's Motion for an Award
of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses** [#81],
filed April 5, 2018.  I have jurisdiction over the subject matter and the parties.  I held a
hearing on these motions on May 10, 2018, at which counsel for the parties both
appeared telephonically.  Having considered the motions, the file, the record, and the
apposite law, I grant the motions.

This lawsuit involves claims for alleged violation of the Fair Debt Collection
Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d(6) & 1692e(11).  I certified a class and
directed notice be provided to a class comprised of

---

[1]   "[#80]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

> [a]ll persons with an address in Colorado (1) for whom
> National Collection Systems, Inc. left, or caused to be left, a
> voice message, (2) in connection with collection of a
> consumer debt, (3) from September 17, 2014 to September
> 17, 2015, (4) that failed to state (a) National Collection
> Systems, Inc.'s name, or (b) that National Collection
> Systems, Inc. is a debt collector.

(**Order Granting Motion for Class Certification** ¶ 2 at 13 [#55], filed November 13,

2016.) I confirm my findings of that order that a Rule 23(b)(3) class is properly certified,

that Aisland Rhodes is properly appointed as the Class Representative, and that

Michael L. Greenwald, Esq., of Greenwald Davidson Radbil PLLC is appropriately

appointed as Class Counsel.

The parties subsequently informed the court they had reached a settlement. I

granted preliminary approval of their proposed class action settlement on January 31,

2018 [#76]. I now finally approve the terms of the parties' settlement, the material terms

of which include, but are not limited to

> 1. Defendant will create a non-reversionary settlement
>    fund in the amount of $8,000, which will be distributed
>    on a pro-rata basis to each class member who
>    submitted a valid claim;
>
> 2. Defendant will separately pay to Ms. Rhodes $1,000
>    pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);
>
> 3. Defendant will separately pay an incentive award to
>    Ms. Rhodes in the amount of $500; and
>
> 4. Defendant will pay the costs of notice and
>    administration of the settlement separate and apart
>    from any monies paid to Ms. Rhodes, class members,
>    or class counsel.

I find the settlement, on the terms and conditions set forth in the parties' class action

settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and

in the best interests of the class members in light of the various factors which have been identified as bearing on that determination.  ***See Jones v. Nuclear Pharmacy, Inc.***, 741 F.2d 322, 324 (10th Cir. 1984) ("In assessing whether the settlement is fair, reasonable and adequate the trial court should consider: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.").

The class administrator distributed notice of the proposed class settlement to the class on February 28, 2018.[2]  I find the notice, and the distribution thereof, satisfied the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e), that it was the best notice practicable under the circumstances, and that it constituted due and sufficient notice to all persons entitled to notice of the class action settlement.  ***See DeJulius v. New England Health Care Employees Pension Fund***, 429 F.3d 935, 944 (10th Cir. 2005).  The notice was adequate to give all class members sufficient information to enable them to make informed decisions as to the proposed settlement and the right to object to or opt-out of the settlement.

The class members were given a fair and reasonable opportunity to object to the settlement, but no bona fide class member objected to the settlement.  No class members excluded themselves from the settlement.

---

[2] The deadline to provide notice to the class was extended by leave of the court.  (**See Minute Order** [#72], filed October 6, 2017.)

A single objection was submitted by Marco Marquez ([#79], filed March 19, 2018).  Mr. Marquez has not met his burden to establish that he is a member of the class and, indeed, the record before me suggests affirmatively that he is not.  **See** **Feder v. Electronic Data Systems Corp.**, 248 Fed. Appx. 579, 580-81 (5th Cir. Sept. 25, 2007); **Gould v. Alleco, Inc**., 883 F.2d 281, 284 (4th Cir. 1989); 4 *Newberg on Class Actions* § 11:55 (4th ed.).  He therefore does not have standing to object to the settlement.  Even if Mr. Marquez had standing to object, his objections are misinformed and meritless.

During the hearing, counsel for defendant for the first time objected to the propriety of class counsel's request for attorney fees for work attributable to attorneys who did not appear of record in this case.  The time for any such objection has long passed, and the objection therefore has been forfeited.  Moreover, the objection is baseless.  Counsel for defendant has cited no authority, and the court has found none, which prohibits the recovery of otherwise reasonable and proper attorney fees simply because the billing attorney did not appear of record.  Defendant's objection therefore is overruled as both procedurally barred and substantively meritless.

I have reviewed and approve the releases set forth in the class action settlement agreement.  The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

**THEREFORE, IT IS ORDERED** as follows:

1.  That  **Plaintiff's Motion for Final Approval of Class Action Settlement** [#80], filed April 5, 2018, is granted;

4

2.  That a class of

> [a]ll persons with an address in Colorado (1) for whom
> National Collection Systems, Inc. left, or caused to be left, a
> voice message, (2) in connection with collection of a
> consumer debt, (3) from September 17, 2014 to September
> 17, 2015, (4) that failed to state (a) National Collection
> Systems, Inc.'s name, or (b) that National Collection
> Systems, Inc. is a debt collector

is finally certified;

3.  That the class action settlement agreement is approved, pursuant to which,

defendant:

> a.  Shall create a non-reversionary settlement fund in the amount of
>
> $8,000, which will be distributed on a pro-rata basis to each class member
>
> who submitted a valid claim;
>
> b.  Shall pay the class representative, Aisland Rhodes, a $500 incentive
>
> award and $1,000 in statutory damages, which amounts are to be paid
>
> separately from any other monies paid as part of this settlement; and
>
> c.  Will separately reimburse class counsel the total of $4,956.13 for costs
>
> associated with class notice and administration that were previously paid
>
> by class counsel;

4.  That **Plaintiff's Motion for an Award of Attorneys' Fees and**

**Reimbursement of Litigation Costs and Expenses** [#81], filed April 5, 2018, is

granted;

5.  That counsel for the class is awarded $65,000 in attorney fees and expenses;

6.  That judgment shall enter with respect to all released claims of the class; and

7.  That this action is dismissed with prejudice.

Dated May 11, 2018, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge